IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| MICHAEL CLIFFORD SUSSMAN,<br><br>    Plaintiff,<br><br>v.<br><br>UTAH DEPARTMENT OF WORKFORCE SERVICES, UTAH DEPARTMENT OF PUBLIC SAFETY, UTAH OFFICE OF REHABILITATION, UTAH ANTI-DISCRIMINATION AND LABOR DIVISION,<br><br>    Defendants. | REPORT AND RECOMMENDATION<br><br>Case No. 2:16-cv-01120-JNP-DBP<br><br>District Judge Jill N. Parrish<br><br>Magistrate Judge Dustin B. Pead |

## INTRODUCTION

This case was referred to the court under 28 U.S.C. § 636(b)(1)(B). (ECF No. 6.) On November 2, 2016, the court granted pro se Plaintiff Michael Clifford Sussman ("Plaintiff") leave to proceed in forma pauperis. (ECF No. 2.) The cover sheet to Plaintiff's Complaint indicates he is seeking $20,000,000 for a "42 U.S.C. [§] 1983 denial of rights [without] due process." (ECF No. 3, Ex. 1.) The case is now before the court on Defendants' Motion to Dismiss. (ECF No. 5.) For the reasons set forth below, this court **RECOMMENDS** the District Court **GRANT** Defendants' motion.

## FACTUAL BACKGROUND

Plaintiff's Complaint provides almost no detail regarding his claims. He alleges that "DWS denied and continues to deny food stamps to Plaintiff." (ECF No. 3 at 4.) Plaintiff alleges that the Utah Office of Rehabilitation notified Plaintiff shortly before final exams in spring 2011 that the

agency "will reneg[e] on its obligation to pay for everything in connection" with that semester. (*Id.*) Finally, Plaintiff alleges the Utah Department of Public Safety "denied his right to renew his driver's license and refuses to use state identification." (*Id.* at 5.)

## ANALYSIS

### I. Legal Standard

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* "Nevertheless, conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). While a pro se complaint must be construed liberally, the court must avoid acting as an advocate for a pro se litigant. *Id.*

### II. Plaintiff fails to state a viable claim

Defendants argue Plaintiff's Complaint fails because (1) Defendants enjoy sovereign immunity, (2) none of the named Defendants constitutes a "person" for purposes of § 1983, and (3) Plaintiff's claim against the Utah Office of Rehabilitation is barred by the statute of limitations. (ECF No. 6 at 2–3.) Plaintiff opposes the motion by arguing (1) he is unable to identify individual defendants without discovery, (2) the statute of limitations for his claim against the Utah Office of Rehabilitation has not expired, (3) his complaint meets the test announced in *Conley v. Gibson*, and (4) the doctrine of sovereign immunity "should be eliminated from American law." (ECF No. 17 at 1–5.)

### a. Defendants enjoy sovereign immunity

Plaintiff argues the court should not apply sovereign immunity. Unfortunately for Plaintiff, the Tenth Circuit and United States Supreme Court have both held that the Sovereign immunity set forth in the Constitution applies to the individual states. *See, e.g.*, *Edelman v. Jordan*, 415 U.S. 651, 662–63 (1974); *Tarrant Reg'l Water Dist. v. Sevenoaks*, 545 F.3d 906, 911 (10th Cir. 2008). "The Eleventh Amendment has been interpreted to bar suits against states and state agencies for money damages in federal court." *Tarrant* at 911. Accordingly, Plaintiff's suit here is barred by the Eleventh Amendment. To the extent Plaintiff seeks to overturn this precedent, this court cannot afford him the relief he seeks. Accordingly, the Eleventh Amendment bars Plaintiff's claims against the state agencies listed in his complaint.

### b. Plaintiff does not allege any claim against a "person" as defined by § 1983

Relatedly, Plaintiff's complaint does not identify any "persons" as defendants. Section 1983 created federal civil liability for "persons" who violate a plaintiff's federal rights while acting under color of state law. 42 U.S.C. § 1983. "Neither the state, nor a governmental entity that is an arm of the state for Eleventh Amendment purposes, nor a state official who acts in his or her official capacity, is a "person" within the meaning of § 1983." *Harris v. Champion*, 51 F.3d 901, 905–06 (10th Cir. 1995) (citing *Will v. Michigan Dep't of State Police*, 491 U.S. 58 (1989). Defendants point out that they are all arms of the state under this precedent and thus do not constitute "persons" for purposes of § 1983. Plaintiff offers no contrary authority or argument.

Instead, Plaintiff suggests he cannot identify individual defendants absent discovery. The court will not allow discovery unless Plaintiff alleges a plausible claim for relief. To the extent

Plaintiff is aware of facts to support a proper claim, but lacks a specific individual's identity, he may make allegations against a pseudonym such as John or Jane Doe.

### c. Plaintiff's claim against the Utah Office of Rehabilitation is barred by the applicable statute of limitations

In addition to the defects above, the statute of limitations bars Plaintiff's claims against the Utah Office of Rehabilitation. The court applies to § 1983 claims the "forum state's statute of limitations for personal-injury claims." *Canfield v. Douglas Cty.*, 619 F. App'x 774, 777 (10th Cir. 2015) (citing *Wallace v. Kato*, 549 U.S. 384 (2007)). Utah law provides a four-year statute of limitations period for personal-injury claims. Utah Code. Ann. § 78B-2-307(3) *Larson v. Snow Coll.*, 189 F. Supp. 2d 1286, 1298 (D. Utah 2000). Plaintiff complains of actions the Utah Office of Rehabilitation took in "Spring 2011." (ECF No. 3 at 4.) Plaintiff filed this action on October 31, 2016. Thus, Plaintiff's claims against the Utah Office of Rehabilitation based on 2011 conduct must be dismissed with prejudice because it is barred by the statute of limitations.

### d. This court cannot adopt Plaintiff's arguments that seek to overturn Supreme Court precedent establishing the pleading standards for a complaint

Plaintiff argues that the court should ignore the pleading standard announced in *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007) and instead apply the standard from *Conley v. Gibson*, 355 U.S. 41 (1957). First, applying *Conley* would not change the outcome here. Plaintiff's Complaint fails based on sovereign immunity, because Plaintiff has named only governmental agencies, has not named any "persons" as defined in § 1983, and because his claim against the Utah Office of Rehabilitation is barred by the applicable statute of limitations. Thus, the Complaint fails because it is legally deficient regardless of the applicable pleading standard.

Second, the Tenth Circuit and Supreme Court have adopted and continue to apply the *Twombly* standard, which supplants the rule in *Conley*. *See, e.g. Iqbal*, 556 U.S. at 678; *Burnett v. Mortg. Elec. Registration Sys., Inc.*, 706 F.3d 1231, 1235 (10th Cir. 2013). This court cannot ignore or overrule this binding precedent. To the extent Plaintiff chooses to file an amended complaint, he should keep the *Twombly* standard in mind.

### e. Potential amendment

Plaintiff should be given an opportunity to amend his Complaint because he proceeds pro se and it is possible he could correct the noted defects. *See Reynoldson v. Shillinger*, 907 F.2d 124, 126 (10th Cir. 1990) ("[If] it is at all possible that the party against whom the dismissal is directed can correct the defect in the pleading or state a claim for relief, the court should dismiss with leave to amend.") If Plaintiff choses to file an amended complaint, he should keep in mind the general admonition for pro se plaintiffs proceeding in the Tenth Circuit. *See Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007) ("[T]o state a claim in federal court, a complaint must explain what each defendant did to [the plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated."). Plaintiff's Complaint lacks these details. If the District Court adopts this Report and Recommendation, Plaintiff may file an amended complaint within fourteen days of the District Court's order. Plaintiff should note however, that his claim against the Utah Office of Rehabilitation will be dismissed with prejudice based on expiration of the statute of limitations. Accordingly, any amended complaint must not reassert that claim.

## RECOMMENDATION

For the reasons discussed above, this court **RECOMMENDS** the District Court **GRANT** Defendant's "Motion to Dismiss" (ECF No. 5.) Plaintiff's claim against the Utah Office of Rehabilitation should be dismissed with prejudice. The remainder of Plaintiff's claims should be dismissed without prejudice.

If the District Court adopts this Report and Recommendation, Plaintiff may file an amended complaint within fourteen days of the District Court's order. If Plaintiff submits no amended complaint within the allotted time, this action will be dismissed with prejudice.

Copies of the foregoing Report and Recommendation are being sent to all parties who are hereby notified of their right to object. Within **fourteen (14) days** of being served with a copy, any party may serve and file written objections. Failure to object may constitute a waiver of objections upon subsequent review.

Dated this 11th day of August 2017.

By the Court:

_____
Dustin B. Pead
United States Magistrate Judge