IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

| | |
|---|---|
| MICHAEL CLIFFORD SUSSMAN, <br><br> Plaintiff, <br><br> v. <br><br> UTAH DEPARTMENT OF WORKFORCE SERVICES, UTAH DEPARTMENT OF PUBLIC SAFETY, UTAH OFFICE OF REHABILITATION, UTAH ANTI-DISCRIMINATION AND LABOR DIVISION, <br><br> Defendants. | **ORDER ADOPTING IN PART REPORT AND RECOMMENDATION AND GRANTING IN PART DEFENDANTS' MOTION TO DISMISS** <br><br> Case No. 2:16-cv-01120-JNP-DBP <br><br> Judge Jill N. Parrish <br><br> Magistrate Judge Dustin B. Pead |

Based on the court's *de novo* review of the record, the relevant legal authorities, and Judge Pead's Report and Recommendation, the court concludes that Parts II.a, b, d, and e of the Report and Recommendation, [Docket 21], are correct applications of the law to the allegations contained in the complaint. The defendants in this suit may assert a sovereign immunity defense, plaintiff Michael Sussman has not alleged a claim against a person as required by 42 U.S.C. § 1983, the court may not overturn Supreme Court precedent, and the plaintiff should be given an opportunity to amend his complaint. The court adopts these portions of the Report and Recommendation.

The court agrees in part with Part II.c of the Report and Recommendation. Judge Pead correctly concludes that the statute of limitations for his claim against the Utah Office of Rehabilitation is four years. Mr. Sussman's complaint was filed more than four years after the Utah Office of Rehabilitation denied his request that it pay for the "spring 2011 semester." Judge

Pead, therefore, correctly recommended that the claim against the Utah Office of Rehabilitation be dismissed.

Judge Pead also recommended that this claim be dismissed with prejudice. But it may be possible for Mr. Sussman to amend his complaint to allege facts that would support a conclusion that the statute of limitations had been tolled. Statutes of limitation do not begin to run until the cause of action has accrued. UTAH CODE § 78B-2-102. "Generally, a cause of action accrues 'upon the happening of the last event necessary to complete the cause of action.' However, in certain instances, the discovery rule 'may operate to toll the period of limitations "until the discovery of facts forming the basis for the cause of action."' " *Berenda v. Langford*, 914 P.2d 45, 50–51 (Utah 1996) (citations omitted). Because it is theoretically possible that Mr. Sussman could allege facts regarding delayed discovery of a cause of action against the Utah Office of Rehabilitation, the court concludes that dismissal should be without prejudice.

Accordingly, the court ADOPTS IN PART the Report and Recommendation. [Docket 21]. The court agrees that Mr. Sussman's action should be dismissed, but concludes that all of the causes of action should be dismissed without prejudice. The court therefore GRANTS IN PART AND DENIES IN PART the defendants' motion to dismiss. [Docket 5]. The court grants the defendants' motion to dismiss all of Mr. Sussman's causes of action, but denies the defendants' request that dismissal be with prejudice.

The court, therefore, ORDERS as follows:

(1) Mr. Sussman's action is DISMISSED WITHOUT PREJUDICE.

(2) Mr. Sussman shall have 21 days from the date of this order to file an amended complaint. If Mr. Sussman does not file an amended complaint within this time period, this action will be dismissed with prejudice.

SO ORDERED September 7, 2017.

                    BY THE COURT:

                    _____
                    JILL N. PARRISH
                    United States District Judge